# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DILLONGER JOHN MAJORS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:22-cv-01182-SEP |
| v. ) | |
| ) | |
| JASON LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Dillonger John Majors's Motion for Leave to Proceed *in forma pauperis*, Doc. [1], and Motion to Appoint Counsel, Doc. [3].  For the reasons set forth below, the Court grants the former and denies the latter.  The Court also orders the Clerk to issue process on defendants Kenneth Boyer and Benjamin Barbier in their individual capacities, and dismisses the remaining defendants on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### INITIAL PARTIAL FILING FEE

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the income credited to his account in the preceding month.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

Based on the financial information provided in Plaintiff's application and the certified copy of his inmate account statement, Plaintiff has an average monthly deposit of $59.00.  The Court will assess an initial partial filing fee of $11.80, which is 20 percent of his average monthly deposit.  *See* 28 U.S.C. § 1915(b)(2).

**LEGAL STANDARD**

This Court is required to review a complaint filed without prepayment of the full filing fee, and must dismiss it if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

**THE COMPLAINT**

Plaintiff brings this action on a Court-provided civil complaint form for prisoners filing claims under 42 U.S.C. § 1983.  He names as defendants the following officers at Missouri Department of Corrections (MODOC) and Potosi Correctional Center (PCC):  Jason Lewis (Division Director, MODOC), Paul Blair (Warden, PCC), Brian Davis (Functional Unit Manager (FUM), PCC), Ryan Since (Major, PCC), Jeremiah Richardson (Lieutenant, PCC), Kenneth Boyer (Correctional Officer (CO), PCC), Brian Pickett (Sergeant, PCC), and Benjamin Barbier (CO, PCC).  Plaintiff sues all Defendants in both their official and individual capacities.

According to Plaintiff, on March 15, 2022, a seven-man cell extraction team forcefully removed him from his cell.  The team opened Plaintiff's cell door and Defendant Boyer entered, followed by Defendant Barbier.  Boyer dropped his shield and immediately began striking Plaintiff in the face with his fist.  Plaintiff covered his face with his arms and turned his back to

the officers to avoid the assault.  The defendants grabbed him around the neck and slammed him to the ground.  Plaintiff alleges that, while he was on the ground, Boyer and Barbier struck him with their fists and placed him in full restraints.

While he was fully restrained, Plaintiff claims that Barbier continued to assault him, slamming his face into the concrete.  Plaintiff alleges that he broke one tooth, chipped another, and broke his nose.  His left eye swelled shut.  Once out of the cell, Plaintiff began choking on blood and saliva.  Plaintiff claims that he attempted to clear his throat and spit the blood and saliva to his right, because there was a correctional officer to his left.  Boyer, who was standing to Plaintiff's right, claimed some spit hit his face and continued beating Plaintiff.  He struck Plaintiff again twice in the face, causing more damage to his nose.

After the extraction, Plaintiff claims he was escorted to the medical unit where the nurse cleaned the blood off his face.  He then returned to his cell, where Barbier took pictures of his face.  The correctional officers placed plaintiff on limited property and denied him soap, toothpaste, a toothbrush, toilet paper, pen, paper, envelopes, and stamps for two weeks.

Plaintiff seeks compensatory damages for his physical injuries and his pain and suffering.  Additionally, he seeks punitive damages of $100,000 per defendant.  He also asks for all defendants to be fired from PCC.

DISCUSSION

**I.    Excessive Force Claim against Defendants Kenneth Boyer and Benjamin Barbier**

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment.  *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.").  When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).  Factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted."  *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

On initial review, Plaintiff states a plausible claim against Defendants Boyer and Barbier for use of excessive force in violation of the Eighth Amendment. The Court will issue process on those defendants in their individual capacities.[1]

## II.     Failure to Train or Supervise Claim against Supervisory Defendants

Plaintiff alleges that the remaining defendants—Lewis, Blair, Davis, Since, Richardson, and Pickett—are liable for failure to train and supervise. He argues that Defendants "failed to train correctional officers on the proper procedures to employ when inmates (a) are in crisis; (b) refusing to comply and submit to restraints; (c) and the movement team is activated." Doc. [1] at 16. He argues that "more and/or different training" was needed to avoid the use of excessive force, and that "such training was obvious to the staff at [PCC]." *Id.*

"[A] supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). To succeed on such a claim, "[t]he plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts," which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Plaintiff must allege the "prison officials *personally knew* of the constitutional risk posed by their inadequate training or supervision" and failed to take sufficient remedial action. *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014).

Plaintiff does not allege that those supervisory defendants had actual notice that any training procedures or supervision were inadequate and likely to result in a violation of Plaintiff's rights. Nor has he alleged that Defendants Boyer and Barbier engaged in a pattern of unconstitutional acts or that the supervisory defendants should have been on notice that they required more training or supervision. Plaintiff has not proffered any other instances in which a cell extraction team used excessive force. Nor has he alleged any facts from which the Court

---

[1] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, Plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged such governmental liability, and therefore his official capacity claims against the defendants will be dismissed.

could determine Defendants were deliberately indifferent to the misbehavior of correctional officers Boyer and Barbier. For those reasons, the Court dismisses Plaintiff's claims against supervisory Defendants Lewis, Blair, Since, Davis, Richardson, and Pickett.

### III.    Due Process Claims against Supervisory Defendants

Finally, Plaintiff alleges due process violations against the supervisory defendants. He states that Defendants had 180 days to process Plaintiff's IRR, grievance, and grievance appeal. He states Defendants took 201 days to complete that process—21 days past the deadline—and violated his due process rights under the Fourteenth Amendment.

"[T]here is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Plaintiff's argument that Defendants took too long to process his IRR, grievance, and grievance appeal does not itself create constitutional liability. Because there is no federal constitutional right to a prison grievance procedure, Defendants' failure to timely process the grievance is not actionable under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no constitutional right was violated by defendants' failure to process plaintiff's grievances). Plaintiff's due process claim is dismissed.

### IV.    Motion to Appoint Counsel

Plaintiff also asks the Court to appoint him counsel. Doc. [3]. In civil cases, a pro se litigant has no constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

On consideration of those factors, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, to this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court therefore denies the motion, but it will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, **within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $11.80**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include the following:  (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendants Kenneth Boyer and Benjamin Barbier in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Kenneth Boyer and Benjamin Barbier in their official capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as to Defendants Jason Lewis, Paul Blair, Brian Davis, Ryan Since, Jeremiah Richardson, and Brian Pickett.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

An order of partial dismissal accompanies this Memorandum and Order.

Dated this 27th day of March, 2023.

*/s/ Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE