UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DILLONGER JOHN MAJORS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-01182-SEP |
| | ) |
| KENNETH BOYER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Dillonger John Majors's filing titled "Order to Show Cause for a Preliminary Injunction," Doc. [31]. For the reasons set forth below, the filing, construed as a motion, is denied.

Plaintiff's filing is a draft of an order directing Defendants to show cause why a preliminary injunction should not issue. Doc. [31] at 1-3. The Court will construe the filing as a motion for a preliminary injunction. The proposed preliminary injunction would enjoin Defendants from withholding legal supplies, circulating offender mail only one day per week, limiting access to the law library, and using "S.H.O.C.K. Gloves" on Plaintiff. *Id.* Plaintiff has not provided a legal memorandum in support of the motion, in violation of Local Rule 4.01. *See* E.D. Mo. L.R. 4.01(A) ("Unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies."). He has not addressed the factors the Court would consider in ruling on a motion for preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *see also Brooks v. Roy*, 881 F. Supp. 2d 1034, 1049 n.6 (D. Minn. 2012) ("Courts in the Eighth Circuit apply the same standards to a request for preliminary injunction and temporary restraining order.") (citing *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989)).

Even if Plaintiff had submitted a legal memorandum addressing the standards for issuing a preliminary injunction, though, the relief he seeks would still be unavailable in the context of this lawsuit. The Complaint in this matter alleges that Defendants Kenneth Boyer and Benjamin

Barbier used excessive force to extract Plaintiff from his cell.  The case does not concern legal supplies, mail, the law library, or "S.H.O.C.K. Gloves."  If Plaintiff wishes to bring a prisoner civil rights action under 42 U.S.C. § 1983 regarding those conditions of confinement, he must file a separate civil rights complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Order to Show Cause for a Preliminary Injunction," Doc. [31], is **DENIED**.

Dated this 6th day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE