UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DILLONGER JOHN MAJORS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:22-cv-01182-SEP |
| ) | |
| KENNETH BOYER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are pro se Plaintiff Dillonger John Majors's second and third motions to appoint counsel, Docs. [36], [44]. For the reasons set forth below, the motions are denied.

In civil cases, a pro se litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim and where the 'nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When deciding to appoint counsel, courts consider "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

The Court denied Plaintiff's first motion to appoint counsel because Plaintiff had demonstrated that he could "adequately present his claims to the Court" and because "neither the factual nor the legal issues in this case appear to be complex." Doc. [6] at 5. Since that denial, Plaintiff has continued to adequately prosecute his case. Plaintiff successfully served the remaining Defendants, Docs. [11], [39], and they have filed answers, Docs. [27], [41]. Plaintiff has successfully filed motions seeking extensions of time, Docs. [15], [18], an updated docket sheet, Doc. [37], and reconsideration, Doc. [43]. And the complexity of Plaintiff's case has not changed since he first requested counsel. Thus, the motions are denied, but the Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to appoint counsel, Docs. [36], [44], are **DENIED** without prejudice.

Dated this 6th day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE