UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DILLONGER JOHN MAJORS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:22-cv-01182-SEP |
| ) | |
| JASON LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Dillonger John Majors's Motion to Appoint Counsel, Doc. [50]. For the reasons set forth below, the motion is denied.

### LEGAL STANDARD

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1219, 1322 (8th Cir. 1986). When determining whether to appoint counsel for an indigent litigant, the United States Court of Appeals for the Eighth Circuit has instructed courts to consider the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Id.* (citing *Phillips*, 437 F.3d at 794).

Plaintiff has not shown that he cannot adequately present his claims to the Court. Additionally, nothing in his motion or the record before the Court indicates that the factual or legal issues in this matter are sufficiently complex to justify the appointment of counsel at this time. Thus, the Court will deny the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [50], is **DENIED** without prejudice.

Dated this 12th day of April, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE