# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DILLONGER JOHN MAJORS, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:22-cv-01182-SEP |
| KENNETH BOYER, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is a Motion for Summary Judgment filed by Defendants Kenneth Boyer and Benjamin Barbier. Doc. [75]. Plaintiff opposes the motion. Doc. [79]. The motion is fully briefed. *See* Docs. [75]-[77], [79]. For the reasons set forth below, the motion is denied.

### BACKGROUND[1]

Plaintiff Dillonger John Majors, an inmate in the Missouri Department of Corrections, filed this cause of action under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Potosi Correctional Center. Doc. [1]. On March 15, 2022, a seven-man cell extraction team forcefully removed Plaintiff from his cell to place him on suicide watch. Doc. [1] at 9; Doc. [79] at 2. Corrections Officers Boyer and Barbier were part of the extraction team. *Id.* As the corrections officers entered the cell, either Boyer or Barbier immediately began striking Plaintiff in the face with a closed fist. Doc. [1] at 9; Doc. [79] at 3. *Id.* Plaintiff covered his face with his arms and turned his back to the officers to avoid the assault. *Id.* He was then grabbed around the neck and slammed to the ground. *Id.* While he was on the ground, Boyer and Barbier struck him with closed fists and placed him in full restraints even though he was being compliant. *Id.*

While Plaintiff was fully restrained on the ground, Barbier continued to assault him, slamming his face into the concrete. Doc. [1] at 9; Doc. [79] at 4. Plaintiff suffered a broken nose, a broken tooth, a chipped tooth, and his left eye swelled shut. Doc. [1] at 9-10. Once out

---

[1] The facts in the first two paragraphs of this section are taken from Plaintiff's verified Complaint and the Declaration he submitted in opposition to the motion for summary judgment. Docs. [1], [79]. The Court treats Plaintiff's verified Complaint as the equivalent of an affidavit for summary judgment purposes and accepts the facts set forth therein as true. *See Williams v. York*, 891 F.3d 701, 703 n.2 (8th Cir. 2018). The testimony in the Declaration is consistent with the allegations in the verified Complaint. *See* Docs. [1] at 9-10, [79] at 1-4.

of the cell, he began choking on blood and saliva. *Id.* at 10. He attempted to clear his throat by spitting the blood and saliva to his right, because there was a corrections officer to his left. *Id.* Boyer claimed Plaintiff's spit hit his face and he struck Plaintiff in the face with a closed fist. *Id.*; Doc. [79] at 4. Plaintiff did not strike any of the officers and did not struggle or resist after he was in the restraints. Doc. [79] at 4.

Following screening of the Complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff proceeds on an Eighth Amendment excessive-force claim against Corrections Officers Boyer and Barbier (collectively "Defendants"). Doc. [6]. Defendants filed a Motion for Summary Judgment arguing "[q]ualified immunity applies to [their] actions because the totality of the facts show they were justified and done in good-faith." Docs. [75]-[76]. Further, they argue Plaintiff cannot produce any evidence that their actions were malicious and sadistic. *Id.*

Defendants support their Statement of Undisputed Facts with an Affidavit from Benjamin Barbier, Plaintiff's Complaint, and an Incident Report authored by Kenneth Boyer. Docs. [77-1] - [77-3]. According to Defendants, Plaintiff regularly declared himself suicidal and then violently resisted attempts to remove him from his cell. Doc. [77] at ¶ 8. On March 15, 2022, Plaintiff announced his intention to commit suicide. *Id.* at ¶¶ 4-5. In accordance with prison policy, Plaintiff was ordered to submit to restraints and leave his cell. *Id.* at ¶¶ 7-9. He refused to comply and jammed his door closed. *Id.* at ¶ 13. Officers were able to open the cell door only slightly, making entry difficult. *Id.* at ¶ 14. Defendants maintain that Plaintiff struck Boyer in the face repeatedly and violently as he was entering the cell. *Id.* Barbier and other officers entered the cell and were able to subdue and restrain Plaintiff. *Id.* After Plaintiff was removed from the cell, Plaintiff turned and spit blood into the open wounds on Boyer's face, who responded by striking him. *Id.*

## LEGAL STANDARD

A court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (cleaned up). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008)) "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:. (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The evidence must be viewed "in the light most favorable to, and making all reasonable inferences for, the nonmoving party." *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 404 (8th Cir. 2013). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). "'If reasonable minds could differ as to the import of the evidence,' summary judgment is inappropriate." *Quick v. Donaldson Co.*, 90 F.3d 1372, 1377 (8th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986)).

## DISCUSSION

The issue before the Court is whether Defendants are entitled to judgment as a matter of law on their affirmative defense of qualified immunity. "To determine if an official is entitled to qualified immunity, [a court] must determine whether the alleged facts demonstrate that the official's conduct violated a constitutional right, and whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Groenewold v. Kelley*, 888 F.3d 365, 370–71 (8th Cir. 2018) (cleaned up).

Plaintiff's claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. *Fisherman v. Launderville*, 100 F.4th 978, 980 (8th Cir. 2024). In the context of the use of force by a corrections officer against an incarcerated individual, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (cleaned

3

up). "To distinguish between the two, [the Court] consider[s] multiple factors, including the objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officer, any efforts by the officer to temper the severity of his forceful response, and the extent of the inmate's injury." *Fisherman*, 100 F.4th at 980 (cleaned up).

Viewing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, there is a genuine issue of material fact as to whether Defendants' actions violated Plaintiff's constitutional rights under the Eighth Amendment. The stark contrast in the facts submitted by Plaintiff and Defendants[2] precludes a finding by the Court that the force used by Defendants was applied in a good-faith effort to maintain or restore discipline. A jury certainly could, after hearing and weighing testimony from Plaintiff and the Defendants, find the Defendants' version more credible; however, they could also credit Plaintiff's version. It is not the Court's role to make credibility assessments at the summary judgment stage. *Coker v. Arkansas State Police*, 734 F.3d 838, 843 (8th Cir. 2013). Assuming Plaintiff's account of the circumstances for purposes of this motion, a jury could find that Defendants' use of force was applied maliciously and sadistically to cause harm to Plaintiff.

Further, it would be clear to a reasonable officer that the conduct attested to by Plaintiff was unlawful. "[T]he law [i]s clearly established that correctional officers do not have a blank check to use force whenever a prisoner is being difficult." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002). Even if Plaintiff was non-compliant in refusing to come out of his cell, that would not justify striking him immediately upon entering his cell. And striking Plaintiff while he was in full restraints is clearly unlawful. *See Fisherman*, 100 F.4th at 981 ("[t]he law has been settled for at least three decades that repeatedly striking a fully restrained inmate violates the Eighth Amendment.").

Because the material facts at the core of Plaintiff's claim are contested, Defendants cannot show that they are entitled to judgment as a matter of law as to Plaintiff's claim. The disputed record also makes it impossible for the Court to conclude at this stage that Defendants are entitled to qualified immunity.

---

[2] Where the verified allegations of Plaintiff's Complaint and Declaration conflict with Defendants' Statement of Facts, the Court examines each fact to determine if a genuine dispute of fact exists. *See White v. Stamps*, 2020 WL 6489526, at *2 (E.D. Mo. Nov. 4, 2020).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, Doc. [75], is **DENIED**.

Dated this 26th day of March, 2025.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　SARAH E. PITLYK
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5